**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Finnswest LLC, | No. CV-26-00301-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| United States Liability Insurance Company, et al., | |
| Defendants. | |

Defendant United States Liability Insurance Company ("USLIC"), a Nebraska corporation, removed this case from Arizona Superior Court in Maricopa County based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Plaintiff Finnswest LLC ("Finnswest") and Defendant Infinity Insurance Services LLC ("Infinity") are both Arizona residents, which almost always precludes diversity jurisdiction. But USLIC argues in the Notice of Removal that Infinity was fraudulently joined to defeat federal jurisdiction.

Now pending before the Court are Finnswest's motion to remand this removed action to state court (Doc. 12) and Infinity's motion to dismiss (Doc. 24). Finnswest's motion to remand will be granted and this action will be remanded to state court. Infinity's motion to dismiss will be left pending for the Superior Court to address in its discretion on remand.

## I.

This is a typical insurance bad faith case. In October 2024, a fire damaged Finnswest's restaurant, resulting "in a complete closure of [the] restaurant business

operations." (Doc. 1-1 at 4-5.) Finnswest was insured under a USLIC policy. (*Id.* at 4.) USLIC in turn "engaged Defendant Infinity to handle the adjustment" of Finnswest's claim under the USLIC policy. (*Id.* at 5.) As part of the claim adjustment process, Infinity inspected the property and "prepared estimates for the loss." (*Id.*) Finnswest alleges that Infinity "significantly undervalu[ed] the damage." (*Id.*)

Finnswest claims that Defendants "failed to promptly and fairly evaluate and pay the full amounts due under the Policy for the covered loss," including property damage and business income loss. (*Id.*) Although Finnswest alleges that the business income loss totaled over $430,000 between November 2024 and June 2025, "Defendants calculated a loss of only $36,079.00 through April 2025." (*Id.* at 6.) Finnswest also alleges that Defendants "delayed payment of advances necessary for [Finnswest] to resume business operations," "utilized third-party reviewers who never inspected the Property to dispute and reduce amounts claimed by [Finnswest's] contractors and vendors," and "failed to timely pay undisputed amounts under the Policy, forcing [Finnswest] to repeatedly demand payment and explanations for denials and reductions." (*Id.*) Finnswest alleges it was "forced to cease operations of the business in November 2025" and incurred "adjuster fees, accounting fees, appraisal fees, attorneys' fees, [and] litigation costs." (*Id.*)

In November 2025, Finnswest brought this suit in Arizona Superior Court, asserting claims against USLIC for breach of contract and breach of the duty of good faith and fair dealing and a claim against Infinity for aiding and abetting USLIC's breach of the duty of good faith and fair dealing. (*See id.* at 3, 7-10.)

In January 2026, USLIC removed the suit to this Court. (Doc. 1.) USLIC asserted that this Court has subject matter jurisdiction pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a). (*See id.* at 3.) USLIC alleges that the amount-in-controversy requirement is met and that for purposes of diversity jurisdiction, it is a citizen of Nebraska, Finnswest is a citizen of Arizona, and although Infinity is a citizen of Arizona, "its citizenship should be disregarded for purposes of this removal as [Infinity] has been fraudulently joined as a defendant." (*Id.* at 2-3.)

Finnswest filed a motion to remand, arguing that this Court lacks subject matter jurisdiction over this action because complete diversity does not exist between the parties and because USLIC "cannot show that [Infinity] was fraudulently joined in this matter to defeat diversity jurisdiction." (Doc. 12 at 1.) Finnswest requests attorneys' fees and costs for what it argues was an improper removal. (*Id.* at 7-8.) This motion is fully briefed. (Docs. 19, 25.)

Infinity separately filed a motion to dismiss, arguing that Finnswest failed to state a claim against it for aiding and abetting. (Doc. 24.) This motion is also fully briefed. (Docs. 28, 31.)

## II.

It is undisputed that complete diversity between the parties is not present if Infinity was properly joined because Finnswest and Infinity are both citizens of Arizona. (*See* Doc. 1 at 2-3; Doc. 12 at 2-3; Doc. 19 at 1.) This Court thus has subject matter jurisdiction over this action only if Infinity was fraudulently joined. For the following reasons, the Court finds that Infinity was not fraudulently joined, so the Court lacks subject matter jurisdiction over this action, and it will be remanded to state court. The Court thus need not address Infinity's motion to dismiss and leaves its resolution to the state court on remand.

## A.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to federal court if the case could have been filed there in the first instance. When removing based on diversity, there must be "complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). Although complete diversity between the parties is required, "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation marks omitted). As for the second option, a defendant can establish fraudulent joinder "if a defendant shows

- 3 -

that an individual joined in the action cannot be liable on any theory," but "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (citation modified). This analysis "shares some similarities with the analysis under Rule 12(b)(6)," but a defendant "has not necessarily been fraudulently joined" even if a "claim against a defendant may fail under Rule 12(b)(6)." *Id.* at 549. Thus, "the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (citation omitted). Accordingly, "[i]f a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined," but "the reverse is not true" because a court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.

Ultimately, a defendant invoking fraudulent joinder as a basis to remove to federal court "bears a heavy burden." *Id.* at 548 (quotation marks omitted). Federal courts "strictly construe the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotation marks omitted).

**B.**

USLIC relies on the second option for establishing fraudulent joinder (Doc. 1 at 2-3), *i.e.*, that Infinity "cannot be liable on any theory," *Grancare*, 889 F.3d at 548 (citation omitted). Specifically, USLIC argued in its notice of removal that aiding-and-abetting claims under Arizona law, if allowed against an adjuster, require separate conduct by the adjuster, and Finnswest has not alleged any such conduct by Infinity. (*See* Doc. 1 at 2-3.) As the party advancing federal court jurisdiction, USLIC has the burden of demonstrating that Infinity is fraudulently joined. *See Grancare*, 889 F.3d at 548.

In the motion to remand, Finnswest argues that claims adjusters can be liable for aiding and abetting an insurer's violation of the duty of good faith and fair dealing, which is the claim asserted against Infinity. (Doc. 12 at 4.) Finnswest also argues that it has alleged sufficient conduct by Infinity to state a claim, including that Infinity "directed the investigation, prepared biased and deficient estimates, communicated coverage positions to [Finnswest], and made substantive decisions regarding coverage – knowing [USLIC] would rely on those determinations." (*Id.* at 5-7.)

In response, USLIC acknowledges that "courts have reached varying results as to whether an independent adjuster, the agent of the insurer, can be liable for aiding and abetting." (Doc. 19 at 3.) USLIC argues, however, that "the adjuster can only be held liable for aiding and abetting an insurer's breach of the duty of good faith and fair dealing if the plaintiff alleges some action" that is different from that taken by the insurer. (*Id.*) USLIC maintains that Finnswest has not done so because all of Infinity's actions alleged in the complaint were "done for and on [USLIC's] behalf," and there is "no separate conduct that is different than the conduct alleged with regard to [USLIC] itself." (*Id.* at 4.) USLIC notes that the complaint refers to the defendants collectively when describing the actions taken that supposedly were done by Infinity alone. (*See id.* at 4-5.) Thus, USLIC argues, "there is no possibility of a separate aiding and abetting claim under existing Arizona law" because the "alleged bad faith claim is based on the same conduct as the aiding and abetting claim." (*Id.* at 5.)

Considering the high standard for establishing fraudulent joinder, the Court agrees with Finnswest that USLIC has not met its burden of establishing that Finnswest's claim against Infinity is "wholly insubstantial and frivolous." *Grancare*, 889 F.3d at 549 (citation omitted). USLIC itself states that Arizona law is not clear as to whether an insurance adjuster can be held liable under an aiding-and-abetting claim (Doc. 19 at 3), so there is a "*possibility* that a state court would find that the complaint states a cause of action" against Infinity. *See Grancare*, 889 F.3d at 548 (citation omitted); *see also Aguado v. XL Ins. Am.*, 721 F. Supp. 3d 811, 815 (D. Ariz. 2024) ("Although courts in this District often have held

that Arizona law would permit a claim against an adjuster . . . for aiding and abetting the insurer's bad faith conduct, no conclusive case law exists. Thus, whether Arizona law would recognize such a tort remains unclear.").

USLIC may be correct that Finnswest has not alleged separate conduct taken by Infinity that is "separate and apart from the facts giving rise to a claim against the insurer" (assuming that Arizona law would require such allegations). *Aguado*, 721 F. Supp. 3d at 816 (citation omitted). Finnswest admits that there is "some overlap in alleged conduct" (Doc. 25 at 2), and the actions supporting the bad faith claim against USLIC are largely based on the same conduct supporting the aiding-and-abetting claim against Infinity. According to the complaint, some of the following conduct forms the basis of the bad faith claim against USLIC: (1) failing to properly investigate Finnswest's claim, (2) "[l]owballing claims," and (3) engaging third-party reviewers to dispute claimed amounts that never inspected the property. (Doc. 1-1 at 8-9.) But these allegations appear in large part based on Infinity's actions, some of the same actions that Finnswest argues are separate conduct. (*See* Doc. 12 at 5 (citing Infinity's inspection, undervalued estimates, direction of the claim investigation, and communication with Finnwest); Doc. 25 at 2.) Indeed, the complaint refers to the defendants collectively when describing the "inadequate estimates," "Defendants' investigation," and engagement of third-party reviewers, which implies collective conduct rather than separate conduct by Infinity. (*See* Doc. 1-1 at 5-6); *Aguado*, 721 F. Supp. 3d at 816-17 ("[T]he complaint's ubiquitous use of the collective term 'Defendants' undermines Plaintiff's contention that Intercare committed separate acts that aided and abetted actions taken by XL Insurance.").

Despite these deficiencies, the Court cannot conclude that Finnswest could *never* state an aiding-and-abetting claim against Infinity, particularly considering that Finnswest could be given leave to amend its claim. *See Grancare*, 889 F.3d at 550 (stating that "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend"); *Owen v. Super. Ct.*, 133 Ariz. 75, 79 (1982) ("Leave to amend is discretionary, but amendments will be liberally allowed; trial on the

merits of the claim is favored, and amendment will be permitted unless there has been undue delay, dilatory action or undue prejudice."). First, Finnswest alleges that Infinity made coverage decisions for the claim after its alleged faulty inspection. (Doc. 1-1 at 5, 10.) This might be sufficient separate conduct for Finnswest to state a claim. *See Miller v. York Risk Servs. Grp.*, No. 2:13-cv-1419 JWS, 2013 WL 6442764, at *5 (D. Ariz. Dec. 9, 2013) (finding a plaintiff likely stated an aiding-and-abetting claim where the plaintiff alleged "the absence of a reasonable basis for denying the claim[] and . . . the [primary tortfeasor] either participated in or approved of Defendant's actions"); *Inman v. Wesco Ins. Co.*, No. CV-12-02518-PHX-GMS, 2013 WL 2635603, at *2 (D. Ariz. June 12, 2013) (finding a plaintiff stated an aiding-and-abetting claim against an adjuster that "had evidence before her that demonstrated [the plaintiff's] entitlement to certain benefits, but she nevertheless denied portions of his claim").

Second, even if Finnswest failed to state a claim in the complaint's current iteration, this would not establish fraudulent joinder because, if Finnswest were given leave to amend, it would be able to correct the deficiencies in grouping USLIC's and Infinity's actions together. *See Grancare*, 889 F.3d at 552 ("GranCare argues that the heirs erred in 'lumping' [the alleged fraudulently joined defendant] with other defendants by alleging misconduct against all defendants collectively . . . and that the heirs did not sufficiently allege negligence. Because these arguments go to the sufficiency of the complaint, rather than to the possible viability of the heirs' claims against [the alleged fraudulently joined defendant], they do not establish fraudulent joinder."). Considering some allegations in the complaint, it is possible that Finnswest might be able to state a claim upon amendment. (*See* Doc. 1-1 at 5 (stating the Infinity prepared estimates that undervalued property damage); *id.* at 10 (alleging that Infinity was "biased in its interpretation of the Policy")); *Morrow v. Boston Mut. Life Ins. Co.*, No. CIV 06-2635-PHX-SMM, 2007 WL 3287585, at *5 (D. Ariz. Nov. 5, 2007) (finding the plaintiff stated an aiding-and-abetting claim where the plaintiff alleged the defendant "provid[ed] a biased and unsubstantiated opinion").

The claim against Infinity is ultimately colorable, especially if Finnswest were given leave to amend. *See Grancare*, 889 F.3d at 551 (finding that because the plaintiffs alleged a "colorable" claim, the defendant had not "demonstrated that there [was] no possibility that [they] could prevail"). Cases in similar circumstances have also been remanded. *See Hoffman v. Cincinnati Ins. Co.*, No. CV-21-00106-TUC-JCH, 2021 WL 4962648, at *4 (D. Ariz. Oct. 26, 2021) (granting motion to remand because the "state court could possibly find that Plaintiffs have sufficiently stated an aiding and abetting claim against [the defendant] based upon her alleged acts of ignoring important information and causing error, exercising independent judgement, or acting in furtherance of [the insurer's] failure to investigate the claim"). Indeed, this Court has noted that it "need not conclude that [the plaintiff] *has* stated a claim for aiding and abetting . . . at this juncture," but rather that the plaintiff "sufficiently raised the possibility of an aiding and abetting claim such that removal" is improper. *Whitcomb v. Twin City Ins. Co.*, No. CV-20-01770-PHX-MTL, 2020 WL 6699499, at *4 (D. Ariz. Nov. 13, 2020). The same is true here. USLIC has not met its heavy burden of establishing fraudulent joinder, so Finnswest's motion to remand will be granted.

### III.

Finnswest requests an award of attorneys' fees and costs, arguing that USLIC's removal was "objectively unreasonable." (Doc. 12 at 7-8.) USLIC opposes an award of fees. (Doc. 19 at 5-7.) In its discretion, the Court will not award fees.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Costs and attorney's fees may be awarded . . . if [the removing party's] decision to remove was objectively unreasonable." *Grancare*, 889 F.3d at 552. "Removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Id.* (quotation marks omitted). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the

opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005).

In *Gardner v. UICI*, the Ninth Circuit held that the district court abused its discretion in awarding fees under § 1447(c) where it was not obvious under the settled rules of state law that the plaintiff failed to state a claim. 508 F.3d 559, 562-63 (9th Cir. 2007). The court held that "a reasonable litigant . . . could have concluded that federal court was the proper forum in which to litigate [the plaintiff's] claims because the [complaint] failed to state a claim against . . . the only resident defendant." *Id.* at 562. Here, it is not settled under Arizona law whether an aiding-and-abetting claim may be asserted against an insurance adjuster and, consequently, what standard applies to evaluating whether the plaintiff's allegations state a claim. *See Aguado*, 721 F. Supp. 3d at 815-16.[*] A reasonable litigant in USLIC's position could therefore have concluded that removal to federal court was proper. *See Gardner*, 508 F.3d at 562. The Court will not award fees to Finnswest under § 1447(c). *See Ibarra v. Kennedy Funding, Inc.*, No. CV 13-2371-TUC-JAS-LAB, 2014 WL 4803170, at *1, 3 (D. Ariz. Sep. 26, 2014) (accepting report and recommendation denying fees under § 1447(c) because the removal arguments were "at least colorable given the current state of the caselaw").

. . . .

---

[*] The Court rejects Finnswest's argument that a recent Arizona Court of Appeals decision rendered removal objectively unreasonable. (*See* Doc. 12 at 7-8; Doc. 25 at 5.) In *Iglesia de Jesucristo Ministerios A Los Pies del Maestro v. Brotherhood Mutual Insurance Co.*, the Court of Appeals affirmed dismissal of an aiding-and-abetting claim against an inspector, and the decision turned on whether the plaintiff sufficiently alleged knowledge of the primary tort. No. 1 CA-CV 21-0358, 2022 WL 4350936, at *2-3 (Ariz. Ct. App. Sep. 20, 2022). The dissent argued that the majority opinion improperly applied a summary judgment standard of knowledge rather than the less-demanding standard applicable to motions to dismiss. *See id.* at *7 (Gass, J., dissenting). The Arizona Supreme Court vacated the Court of Appeals' decision without reasoning and remanded to the "superior court to permit the case to proceed." *See Iglesia v. Augspurger Komm Eng'g Inc.*, No. CV-22-0248-PR (16), 2023 WL 2418048, at *1 (Ariz. Feb. 28, 2023). The Court agrees with USLIC that this decision did not render removal objectively unreasonable. (Doc. 19 at 6-7.) *Iglesia* is an unpublished decision, the reasoning in it is not on all fours with USLIC's arguments in this case, and the Arizona Supreme Court vacated the decision without reasoning. *See* Ariz. R. Sup. Ct. 111(c) (stating that "[m]emorandum decisions of Arizona state courts are not precedential" and a "party has no duty to cite a memorandum decision").

IV.

Accordingly,

**IT IS ORDERED** that the motion to remand (Doc. 12) is **granted**. The Clerk of Court is directed to remand this case to the Arizona Superior Court in Maricopa County for lack of subject matter jurisdiction and close this case.

**IT IS FURTHER ORDERED** that the motion to dismiss (Doc. 24) will remain pending for the state court to address in its discretion on remand.

**IT IS FINALLY ORDERED** that the Motion Hearing set for May 6, 2026 is **vacated**.

Dated this 27th day of April, 2026.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge

- 10 -